IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WP COMPANY LLC**
**d/b/a THE WASHINGTON POST**,

    1301 K Street NW
    Washington, DC 20071

        Plaintiff,

v.

**U.S. DEPARTMENT OF STATE**,

    2201 C Street NW
    Washington, DC 20520

        Defendant.

Case No. 20-cv-1082

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff WP Company LLC d/b/a *The Washington Post* ("the *Post*") brings this suit against Defendant the U.S. Department of State (the "State Department"). In support thereof, the *Post* states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief. Through FOIA, the *Post* sought from the State Department certain records relating to several visits that U.S. diplomats made to the Wuhan Institute of Virology ("WIV") in 2018.

2. The *Post* asked for expedited processing of this straightforward FOIA request for two discrete and clearly identified records because they are urgently needed to inform the public on the activities of the federal government in connection with the COVID-19 pandemic.

3. In violation of FOIA, the State Department has denied expedited processing.

## PARTIES

4. Plaintiff, the *Post*, is a news organization based in Washington, D.C. It publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which reaches more than 80 million unique visitors per month, according to independent auditor comScore. Since 1936, the *Post* has won 68 Pulitzer Prizes.

5. Defendant, the State Department, is an agency within the meaning of 5 U.S.C. § 552(f)(1). The State Department has possession and control of the records requested by the *Post*.

## JURISDICTION AND VENUE

6. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**I.    The Diplomatic Cables**

8. In 2015, WIV became the first laboratory in China to achieve the highest level of international bioresearch safety.

9. Research subsequently conducted at WIV included studies on bat coronaviruses.

10. Between January and March 2018, diplomats from the U.S. Embassy in Beijing visited WIV on multiple occasions.

11. For the last such visit, on March 27, 2018, Brian "Rick" Switzer, the U.S. Embassy's counselor of environment, science, technology, and health, co-led the delegation.

12. U.S. officials in China transmitted two unclassified diplomatic cables to Washington, D.C. relating to these visits.

13. According to the *Post*'s reporting, one of these cables, sent on January 19, 2018,

noted that WIV's lab had a serious shortage of appropriately trained technicians and investigators needed to operate safely.

14.  According to the *Post*'s reporting, the cables urged that the U.S. should provide WIV with additional support, including because its research on bat coronaviruses was important but dangerous.

15.  According to the *Post*'s reporting, the U.S. government provided no additional assistance to the WIV lab in response to these cables.

**II.  The COVID-19 Pandemic**

16.  On December 31, 2019, China notified the World Health Organization ("WHO") about pneumonia cases of an unknown origin in Wuhan.  The WHO subsequently identified and declared a public health emergency over the outbreak of a novel coronavirus SARS-CoV-2, which causes the disease COVID-19.  *See* https://www.state.gov/coronavirus/.

17.  According to the U.S. Centers for Disease Control and Prevention ("CDC"), SARS-CoV-2 has its "origins in bats."  *See* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html.

18.  CDC confirmed the first case of COVID-19 in the United States on January 21, 2020, in a patient who had "returned to the United States from Wuhan."  *See* https://www.cdc.gov/media/releases/2020/p0121-novel-coronavirus-travel-case.html.

19.  On January 31, 2020, U.S. Secretary of Health and Human Services Alex Azar declared a public health emergency for the United States with regard to COVID-19.  *See* https://www.hhs.gov/about/news/2020/01/31/secretary-azar-declares-public-health-emergency-us-2019-novel-coronavirus.html.

20.  COVID-19 is believed to have infected at least 891,000 people and killed 50,857

people in the United States. Those figures are current as of this filing but continue to be updated at https://www.washingtonpost.com/graphics/2020/national/coronavirus-us-cases-deaths/.

### III. The *Post*'s FOIA Request and Related Reporting

21. The *Post* submitted a FOIA request (the "Request") to the State Department on April 3, 2020, seeking "[t]wo cables sent from the US Mission in China about former counselor of Environment, Science, Technology and Health Brian 'Rick' Switzer's March 2018 visit to the Wuhan Institute of Virology (WIV)," which "included information about the WIV, including potentially unsafe procedures and security lapses at the institute," and which "were marked unclassified." A true and correct copy of the Request is attached hereto as Exhibit A.

22. The Request asked for expedited processing because the *Post* is primarily engaged in the dissemination of information and because there is an urgent need to inform the public about activities of the federal government, namely on the grounds that:

   a. Knowledge of the origin and efforts to prevent the COVID-19 pandemic is a matter of current exigency to the American public;

   b. Delay in releasing information about the State Department's knowledge and reporting will compromise the recognized public interest in being informed of the State Department's study and warning of unsafe virus testing conditions in Wuhan, China;

   c. State Department reporting on unsafe practices at Chinese testing facilities are clearly federal government activity; and

   d. There are credible claims, including by the United States Senate Select Committee on Intelligence, that aspects of the government's activity in monitoring Chinese practices and reporting the origin of the Covid-19 virus are improper.

Ex. A at 1-2.

23. The *Post*'s FOIA Director, Nate Jones, certified that these grounds for expedited processing were true and correct to the best of his knowledge. Ex. A at 2.

24. On April 14, 2020, the *Post* published an article by Josh Rogin titled "State

Department cables warned of safety issues at Wuhan lab studying bat coronaviruses" (the "*Post* Report"). A true and correct copy of the *Post* Report is attached hereto as Exhibit B.[1]

25. The *Post* Report disclosed the existence of the diplomatic cables, reported on their contents in part, and noted that the State Department "declined to comment" on "details of the story." Ex. B at 2.

26. Members of Congress called for more information about WIV in direct response to the *Post* Report. *See, e.g.*, https://twitter.com/michaelcburgess/status/1250160240621912070 (U.S. Rep. Michael Burgess); https://twitter.com/SenTedCruz/status/1250113837627576320 (U.S. Sen. Ted Cruz); https://twitter.com/SenToddYoung/status/1250083135494250497 (U.S. Sen. Todd Young).

27. On April 15, 2020, Martha MacCallum of Fox News interviewed U.S. Secretary of State Mike Pompeo about the COVID-19 pandemic. That interview included an exchange specifically about the *Post* Report:

> **MacCallum:** So I want to ask you about these cables, this story that came out a couple of days ago in *The Washington Post* by Josh Rogin, that said that there were cables that were highlighting very big concerns about what was going on in these Wuhan labs; that they felt that there weren't enough people there given the highly contagious and dangerous materials that they were dealing with, with these bats and these viruses. They said that it was highly likely that a pandemic could result from how mishandled everything was there. What happened to those cables? Who received them in the State Department? Who went over them in the State Department two years ago?
>
> **Secretary Pompeo:** Martha, I appreciate you want to ask about that. I can't comment on the cables tonight. I can say this: this is a laboratory that contained highly contagious materials. We knew that. We knew that they were working on this program. Many countries have programs like this. And in countries that are open and transparent, they have the ability to control and keep them safe and they allow outside observers in to make

---

[1] The *Post* Report is available at https://www.washingtonpost.com/opinions/2020/04/14/state-department-cables-warned-safety-issues-wuhan-lab-studying-bat-coronaviruses/ as well.

>sure all the processes and procedures are right.  I only wish that that had happened in this place.  We would know more about it, and we would know more about what has transpired there, if anything, today.
>
>**MacCallum:**  Is that something that you're looking into, what happened with those bits of information and who followed up on them?
>
>**Secretary Pompeo:**  Absolutely, Martha.  We're doing a full investigation of everything we can to learn how it is the case that this virus got away, got out into the world, and now has created so much tragedy, so much death here in the United States and all around the world, and at an enormous cost to the global economy as well.

See https://www.foxnews.com/media/pompeo-rips-china-come-clean-accountable at 6:58-8:34.

28. The State Department denied the *Post*'s request for expedited processing, by email, on April 14, 2020.  A true and correct copy of that email is attached hereto as Exhibit C.

29. As grounds for its denial, the State Department asserted that the Request "does not demonstrate a 'compelling need' for the requested information."  Ex. C at 1.

30. To date, the State Department has not provided the *Post* with a complete response to the Request.

## CLAIM FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Wrongful Denial of Expedited Processing in Violation of FOIA, 5 U.S.C. § 552

31. The *Post* realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

32. FOIA provides this Court with jurisdiction to review "[a]gency action to deny . . . a request for expedited processing."  5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii).

33. FOIA required the State Department to grant expedited processing of the Request because the *Post* demonstrated a compelling need for the requested records.

34. The State Department violated FOIA by denying expedited processing.

## **REQUEST FOR RELIEF**

WHEREFORE, the *Post* respectfully requests that this Court:

A. Declare unlawful the State Department's denial of expedited processing;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), directing the State Department to process the Request as soon as practicable;

C. Provide for expeditious proceedings in this action;

D. Award the *Post* its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and further relief as the Court may deem just and proper.

Dated: April 24, 2020

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiff WP Company LLC d/b/a The Washington Post*